**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TYRA KING                                    :
                          *Plaintiff*          :          Civil Action No.
                                             :
              v.                             :
                                             :
HOOD CONTAINER CORPORATION                   :
              *Defendant*                     :

## CIVIL ACTION COMPLAINT

### I.   PARTIES

1.      Plaintiff, Tyra King, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 19A East Pennsylvania Avenue, Stewardstown, PA 17363

2.      Defendant, Hood Container Corporation, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Mississippi, with a principal place of business located at 2100 Riveredge Parkway, Suite 650, Atlanta, GA 30328.

### II.   JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.      The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant resides in this District for venue purposes.

1

III.    **STATEMENT OF CLAIMS**

6.      At all times relevant hereto, Defendant, Hood Container Corporation, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

7.      At all times material herein, Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the said Defendant, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 200 Boxwood Lane, East York, PA 17402, and had a duty to safely load and secure the contents of the tractor trailer which Plaintiff was driving.

8.      On or about January 23, 2026, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises located at 200 Boxwood Lane, East York, PA 17402, in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Tyra King.

9.      On or about January 23, 2026, Plaintiff, Tyra King, was lawfully on the aforesaid premises located at 200 Boxwood Lane, East York, PA 17402, working within the course and scope of her employment for Day & Ross, whereupon Hood Container loaded pallets into her truck. Later that same day, while making a delivery at 800 Gitts Run Road in Hanover, PA, Plaintiff opened the back door of the subject trailer and, suddenly and without warning, and as a direct result of the negligence of the Defendant, a stack of wooden pallets which Defendant had failed to properly load/secure gave way, and approximately 250 pounds of pallet struck Plaintiff

2

in the chest, thereby causing the Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth herein.

10.    The accident described above was caused solely and exclusively by reason of the negligence of the Defendant, and was due in no part to any act or failure to act on the part of the Plaintiff.

**COUNT I**
**TYRA KING v. HOOD CONTAINER CORPORATION**
**<u>NEGLIGENCE</u>**

11.    Plaintiff hereby incorporates all foregoing paragraphs of the within Complaint by reference as though the same were fully set forth at length herein.

12.    The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Hood Container Corporation, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

    a)    carelessly and negligently allowing a dangerous condition to exist on the premises for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to properly load and/or secure materials onto Plaintiff's truck so as to ensure that such materials would not fall and strike Plaintiff;

    b)    carelessly and negligently failing to inspect the premises and the contents being loaded into the subject truck in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    c)    carelessly and negligently failing to recognize the hazardous and dangerous state of the materials on the premises and to timely remedy same;

    d)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the premises;

e)     failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

f)     failing to adequately and timely repair defects on the aforesaid premises;

g)     failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

h)     failing to warn people lawfully upon the premises, such as the Plaintiff, of the aforesaid dangerous condition; and

i)     otherwise failing to provide a safe place for persons lawfully upon the premises, such as the Plaintiff, to travel.

13.    As a result of the aforesaid negligence of the Defendant, Plaintiff, Tyra King, suffered severe injuries, including, but not limited to: posttraumatic facial blunt trauma; posttraumatic right facial soft tissue swelling with occipital skull swelling; right facial pain producing frontal headaches; dizziness, upright disequilibrium, blurry vision, nausea, and intermittent vertigo; cognitive dysfunction with decreased mental concentration; postprandial nausea; severe photophobia; secondary insomnia; acute sprain of the left trapezius muscle; acute sprain and strain of the cervical spine; acute sprain and strain of the lumbar spine; acute sprain and strain of the thoracic spine; contusion of the face; contusion of the occipital area; traumatic injury to abdomen; traumatic injury of the chest wall; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

14.    As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

4

15.    As a further result of the aforesaid accident, Plaintiff, Tyra King, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

16.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

17.    As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

19.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Tyra King, demands judgment against Defendant, Hood Container Corporation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:   /s/ Matthew E. Gallagher
Matthew E. Gallagher, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiff,
Tyra King

Date: May 8, 2026